\*\*E-Filed 11/9/10\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HSBC BANK USA, National Association, as Trustee for Wells Fargo Asset Securities Corperation, Mortgage Asset Backed Pass-Through Certificates Series 2007-PA2,<br><br>Plaintiff,<br><br>v.<br><br>TERESA N TRAN, and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case Number 5:10-cv-03069-JF/PVT<br><br>ORDER[1] REMANDING ACTION TO SANTA CLARA SUPERIOR COURT |

On May 13, 2010, Plaintiff HSBC Bank USA ("HSBC") filed the instant unlawful detainer action in the Santa Clara Superior Court. On July 18, 2010, Defendant Teresa N. Tran ("Tran"), proceeding *pro se*, removed the action to this Court, and subsequently filed a cross-complaint, alleging, *inter alia*, violations of the Truth in Lending Act (TILA). HSBC then moved to remand, to strike the cross complaint, and for monetary sanctions. Tran has not filed opposition to the motion. The Court concludes that the motion is appropriate for determination without oral argument and will vacate the hearing date of November 12, 2010. *See* Civ. L.R. 7-1(b).

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-03069-JF/PVT
ORDER REMANDING ACTION TO SANTA CLARA SUPERIOR COURT
(JFLC3)

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273. Removal statutes are strictly construed against removal, and the burden is on the defendant to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Tran offers no support for her assertion that this action arises under federal law. The complaint's only cause of action is for unlawful detainer under California law.[2] Defenses or counterclaims under TILA or other federal statutes do not create federal question jurisdiction, nor does the complaint on its face suggest that the Court might have diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

Plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c), only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). While removal is inappropriate where a complaint rests solely on state law claims, in light of Tran's *pro se* status and her apparent intent to assert a claim under TILA, the Court declines to award fees here. *See HSBC Bank USA, N.A. v. Bryant*, No. 09-1659, 2009 U.S. Dist. LEXIS 104684, at *5 (S.D. Cal. Nov. 10, 2009) (a *pro se* defendant is "entitled to more leeway in his attempt to comply with the removal statute, as

---

[2] In addition, Tran failed to sign her cross-complaint or respond to HSBC's motion. *See* Fed. R. Civ. Pro. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.").

1 long as it was not objectively unreasonable").

2     Good cause therefor appearing, the motion to remand is GRANTED. The motion for
3 attorneys' fees is DENIED, and the motion to strike is terminated without prejudice as moot. The
4 Clerk shall transmit the file to the Santa Clara Superior Court.

IT IS SO ORDERED.

DATED: 11/9/10

                                      JEREMY FOGEL
                                      United States District Judge

Case No. 5:10-cv-03069-JF/PVT
ORDER REMANDING ACTION TO SANTA CLARA SUPERIOR COURT
(JFLC3)

1  This Order was served on the following persons:

2  Michael David Zeff
3  Rosenthal Withem and Zeff
   Suite 201
4  16027 Ventura Blvd.
   Encino, CA 91436

5  Robert Lynn Rosenthal
6  Rosenthal Withem Zeff et al
   16027 Ventura Blvd #201
7  Encino, CA 91436

8  Teresa Tran
   669 Platte River Court
9  San Jose, CA 95111

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. 5:10-cv-03069-JF/PVT
ORDER REMANDING ACTION TO SANTA CLARA SUPERIOR COURT
(JFLC3)